1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  2:10-CR-00078-MCE

12                          Plaintiff,

13         v.                                       **ORDER**

14    ISRAEL BALLARDO,

15                          Defendant.

16

17         Defendant Isreal Ballardo ("Defendant") pled guilty to Conspiracy to Distribute and

18    to Possess With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846

19    and 841(a)(1) and was sentenced to 168 months of imprisonment.  On August 13, 2015,

20    pursuant to the parties' stipulation, the Court reduced Defendant's sentence to 135

21    months.  ECF No. 83.  Presently before the Court is Defendant's motion for a further

22    reduction.  ECF No. 85.  This matter was referred to the Office of the Federal Defender,

23    which subsequently filed a notice indicating that it would not be supplementing

24    Defendant's motion.  ECF No. 87.  The Government opposes Defendant's request.  ECF

25    No. 89.  For the reasons that follow, that Motion is DENIED.

26    ///

27    ///

28    ///

1  Defendant seeks to reduce his sentence in light of the United States Sentencing

2  Commission's passage of Amendment 782.  Generally, Amendment 782 revised

3  downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although

4  Amendment 782 became effective November 1, 2014, it applies retroactively.  See

5  U.S.S.G. § 1B1.10(d), (e)(1).

6  "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C.

7  § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is

8  based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010).

9  "Any reduction must be consistent with applicable policy statements issued by the

10  Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs

11  courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while

12  'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. §

13  1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the

14  amended Guidelines range if it determines that one is warranted "'after considering the

15  factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822.

16  "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting

17  under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of

18  the amended guideline range.'"[1]  Id.  In addition, "a reduction in the defendant's term of

19  imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the]

20  amendment . . . does not have the effect of lowering the defendant's applicable guideline

21  range."  U.S.S.G. § 1B1.10(a)(2)(B).

22  ///

23  ///

24  ///

25  ///

26

27  [1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

28

Defendant is not eligible for a reduction because the Court has already reduced his sentence to the bottom of the amended guidelines range.  Defendant's original total offense level was 35.  With a Criminal History Category I, the guideline range was thus 168 to 210 months.  A 2-level reduction results in an offense level 33 and a guidelines range of 135-168 months.  Since Defendant may not be sentenced to a term that is less than the low end of the applicable guidelines, and since he has already been so sentenced pursuant to the parties' stipulation, his Motion (ECF No. 85) is DENIED.[2]

IT IS SO ORDERED.

Dated:  September 22, 2016

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's remaining arguments are rejected as insufficient to warrant re-sentencing as well. In addition, the Government's argument that Defendant is ineligible for a reduction because he is a career offender is moot in light of the fact that his sentence has already been reduced.

3